NOTICE
Decision filed 07/06/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 260552-U

NOS. 5-26-0552, 5-26-0553 cons.

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| *In re* ESTATE OF ALVIN L. HUMPHREY, an Alleged Disabled Person | ) ) ) ) ) ) | Appeal from the Circuit Court of Johnson County. <br><br> No. 26-GR-1 |
| (Clyde V. Pierce, Petitioner-Appellant, v. Alvin L. Humphrey, Respondent-Appellee, and Nathaniel Humphrey, Intervenor). | ) ) ) ) | Honorable Sarah K. Tripp, Judge, presiding. |

PRESIDING JUSTICE CATES delivered the judgment of the court.
Justices Bollinger and Clarke concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appeal is dismissed for lack of jurisdiction because the petitioner did not file his notice of appeal within the time limit governing appeals from the granting or denial of a temporary restraining order under Illinois Supreme Court Rule 307(d) (eff. Nov. 1, 2017).

¶ 2   The petitioner, Clyde V. Pierce, appeals from an order of the circuit court denying his "Emergency Petition to Enforce Residential Status Quo and Temporarily Suspend Power of Attorney." For the following reasons, we dismiss the appeal for lack of jurisdiction.

1

¶ 3                    I. BACKGROUND AND PROCEDURAL HISTORY[1]

¶ 4    On March 20, 2026, the petitioner, acting *pro se*, filed a verified petition for the adjudication of disability and the appointment of a guardian of the person and estate of his father, Alvin Lee Humphrey (guardianship petition).[2] The guardianship petition was filed one day before Alvin's seventy-ninth birthday. Therein, the petitioner alleged that Alvin resided in Goreville, Illinois, that he had been staying with an unsupported third party in West Frankfort, Illinois, and that upon information and belief, Alvin's financial assets had been poorly managed or unlawfully divested. The petitioner further alleged that Alvin lacked sufficient understanding or capacity to make or communicate responsible decisions concerning his self-care and management of the estate, without assistance, due to disabling memory loss and cognitive decline. The petitioner identified himself and the intervenor, Tristan Humphrey, as the respondent's nearest living relatives. The petitioner also filed an emergency petition for appointment of guardian and suspension of power of attorney that same day (emergency petition).

¶ 5    In a docket entry dated March 23, 2026, the circuit court noted that it reviewed the petitioner's *pro se* petitions that day. The court further noted that the petitioner failed to file a medical report pursuant to section 11a-9 of the Probate Act of 1975 (755 ILCS 5/11a-9 (West 2024)), and other required notices. The court ordered the petitioner to provide proper notice to the prospective ward and to the named agent holding power of attorney. The circuit clerk mailed and emailed a notice containing the docket entry and the circuit court's rulings to the petitioner that same day.

---

[1]The background facts and procedural history are largely taken from the circuit court's docket sheets which were filed along with the notice of appeal, petition for interlocutory appeal, and supporting record.

[2]In the record on appeal, the petitioner often refers to the respondent, Alvin Lee Humphrey, as "Alvin," and intervenor, Nathaniel Humphrey, as "Tristan." For consistency and to avoid confusion, those references will be retained in this disposition.

¶ 6    On March 31, 2026, the circuit court held an initial hearing. The petitioner and Alvin appeared. During the hearing, the circuit court confirmed that the petitioner had not filed a medical report or proof of notice to the named agent. The court set the matter for a video hearing on April 30, 2026. Two days before the scheduled hearing, an attorney representing the named agent, Tristan Humphrey, entered his appearance and filed an objection to both the emergency petition and the guardianship petition. The petitioner filed a physician's report on April 29, 2026.

¶ 7    On April 30, 2026, the circuit court conducted a video hearing via Zoom. The circuit court appointed a guardian *ad litem* (GAL) for Alvin and ordered the GAL to file a response to the petitioner's petitions. Over the course of the next six weeks, the circuit court continued to monitor the case and permitted limited discovery.

¶ 8    On June 15, 2026, the petitioner filed an "Emergency Petition for Ex Parte Temporary Restraining Order, Immediate Disclosure of the Alleged Ward's Location, and Immediate Return of the Alleged Ward" (Emergency TRO Petition) and an "Amended Emergency Petition for Ex Parte Temporary Restraining Order" (Amended Emergency TRO Petition). The following day, the petitioner filed an additional exhibit to demonstrate "urgency" regarding his emergency petitions. In a docket entry dated June 17, 2026, the circuit court denied the petitioner's Emergency TRO Petition and the Amended Emergency TRO Petition, finding that the petitions, on their face, failed to meet the requirements for an emergency *ex parte* TRO. Pursuant to the court's direction, the clerk mailed and emailed a notice of the circuit court's rulings to the parties that same day. The petitioner did not appeal that order.

¶ 9    On June 22, 2026, the petitioner filed an emergency petition to restore the residential status quo and temporarily suspend the power of attorney held by Tristan (emergency petition to restore status quo), along with exhibits and a proposed order. On June 23, 2026, the court held a video

hearing. The petitioner appeared at the hearing. Alvin appeared with the court-appointed GAL, and Tristan Humphrey appeared with his counsel. The docket entry from that date indicates that the circuit court addressed the status of the case, pending motions, and other pretrial matters. In addition, the court denied the petitioner's emergency petition to restore status quo. The court did not include the basis for that ruling in the docket entry. On June 24, 2026, the circuit clerk mailed and emailed a notice to the parties. The notice directed persons to "Take notice that the following entries were made on the above-titled case." The docket entry dated June 23, 2026, was provided in its entirety just below. The circuit clerk's notice was filed marked June 24, 2026.

¶ 10    On June 26, 2026, the petitioner filed a notice of interlocutory appeal in the circuit court and in this court. The notice of appeal was filed pursuant to Illinois Supreme Court Rule 307(d). The petitioner listed an order dated "June 24, 2026" as the order he wanted to appeal. The petitioner included the circuit court's docket sheets, the circuit clerk's notice of the orders entered June 23, 2026, and proof of service with the notice of appeal. The petitioner also filed a petition, entitled "Rule 307(d) Interlocutory Appeal of Emergency Petition to Enforce Status Quo and Temporarily Suspend Power of Attorney," a supporting memorandum of law pursuant to Supreme Court Rule 307(d)(2), and a proposed order in this court. The petitioner asked this court to grant his emergency petition and to reverse "the circuit court's denial of the motion for a temporary restraining order (6/24/2026)."

¶ 11                                II.  ANALYSIS

¶ 12    Before considering the merits of an appeal, a reviewing court has an independent duty to assess its jurisdiction regardless of whether any party has raised the issue. *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). The timely filing of a notice of

4

appeal is jurisdictional and mandatory. See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); *Secura Insurance*, 232 Ill. 2d at 213.

¶ 13    This appeal was filed pursuant to Illinois Supreme Court Rule 307(d) (eff. Nov. 1, 2017). Rule 307(d) affords an expedited procedure for appellate review of an order granting or denying a temporary restraining order and provides in pertinent part:

"[R]eview of the granting or denial of a temporary restraining order *** shall be by petition filed in the Appellate Court, but notice of interlocutory appeal as provided in paragraph (a) shall also be filed in the circuit court, within the same time for filing the petition. The petition shall state the relief requested and the grounds for the relief requested, and shall be filed in the Appellate Court, with proof of personal service or e-mail service as provided in Rule 11, within two days of the entry or denial of the order from which review is being sought." Ill. S. Ct. R. 307(d)(1) (eff. Nov. 1, 2017).

The rule also provides that the appellee shall file any responding memorandum within two days following the filing of the petition. Ill. S. Ct. R. 307(d)(2) (eff. Nov. 1, 2017). The reviewing court must then consider and decide the appeal within five days after the time for any responding memorandum has expired. Ill. S. Ct. R. 307(d)(4) (eff. Nov. 1, 2017).

¶ 14    In this case, the circuit court entered an order, by docket entry, denying the petitioner's emergency petition to restore status quo on June 23, 2026. In the docket entry dated June 23, 2026, the circuit court noted that a video hearing was held via Zoom on June 23, 2026, that the petitioner and all other parties were present for the hearing, and that the court expressed its decision to deny the emergency petition in open court during the proceedings. In addition, there is a docket entry dated June 24, 2026. This shows that the circuit clerk mailed and emailed a notice containing the June 23 docket entry in its entirety, with the orders that were entered on June 23, 2026. We also

note that in the petitioner's memorandum supporting his petition for interlocutory appeal, the petitioner acknowledged that he attended the hearing on June 23, 2026, and that his emergency petition was addressed at that time. Thus, the petitioner had actual notice that the circuit court denied his emergency petition to restore status quo on the date the order was entered—June 23, 2026. See *Mitchell v. Fiat-Allis, Inc.*, 158 Ill. 2d 143, 148 (1994); *Granite City Lodge No. 272, Loyal Order of the Moose v. City of Granite City*, 141 Ill. 2d 122, 123 (1990).

¶ 15    Although the petitioner's notice of appeal and memorandum list June 24, 2026, as the date of the order being appealed, the docket sheets show that no orders were entered on that date. Furthermore, the petitioner's petition for interlocutory appeal and accompanying memorandum challenges only the order denying the emergency petition to restore status quo. That order was entered on June 23, 2026. Thus, the petitioner was required to file his notice of appeal and petition for interlocutory appeal no later than June 25, 2026. Ill. S. Ct. R. 307(d)(1) (eff. Nov. 1, 2017). The petitioner, however, filed his notice of appeal and petition for interlocutory appeal on June 26, 2026. This was outside the two-day time limit prescribed in Rule 307(d). The filing of the notice of appeal is what confers jurisdiction over the appeal and no other step is jurisdictional. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). The petitioner's failure to timely file the notice of appeal and petition for interlocutory appeal deprived this court of jurisdiction. *Nizamuddin v. Community Education in Excellence, Inc.*, 2013 IL App (2d) 131230, ¶¶ 5-6.

¶ 16    It is well-settled that supreme court rules "have the force of law" and are binding on the courts as well as the litigants, and when there is "a failure to comply with them the appeal will not be entertained." *In re Estate of Meirink*, 11 Ill. 2d 561, 564 (1957). We recognize that the petitioner has represented himself throughout this litigation, but *pro se* litigants are presumed to have full knowledge of the applicable court rules and procedures and a court will not apply a more lenient

6

standard to *pro se* litigants. *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 528 (2001). Moreover, this court does not have the authority to excuse compliance with the filing requirements of the supreme court rules governing appeals. *Mitchell*, 158 Ill. 2d at 150.

¶ 17                                III.  CONCLUSION

¶ 18    The petitioner's failure to file his notice of appeal and petition for interlocutory appeal within the time prescribed in Rule 307(d)(1) deprived this court of jurisdiction over the appeal. Accordingly, the appeal is dismissed for lack of jurisdiction.

¶ 19    Appeal dismissed.